UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES AFTOSMES, CAMERON ALLEGRA, JAMES ARENA, III, KEVIN BISHOP, JOHN BUTMAN, MIKE CARLSON, SCOTT CHAPELLE, WILLIAM CROSIER, MANUEL DASILVA, DANIEL DEMPSEY, STEPHEN DEMPSEY, DENNIS DRISCOLL, CHARLES GATTEREAU, JEFF HANDRAHAN, BRETT HOXIE, EDWARD HUNNEFELD, JAMES P. KENNEY, JEFFREY MADDEN, JOHN MADDEN, MICHAEL MCAULIFFE, PATRICK MCGORMAN, AWNAS MILISAUKSAS, WILLIAM MODESTINO, MICHAEL MULLIN, ERIC TEDESCHI, NICK TRINCHERA, JOE TRINCHERA and THOMAS VIOLETTE
Plaintiffs

v.

TOWN OF HINGHAM,
Defendant.

## COMPLAINT AND JURY DEMAND

### PARTIES

1.      Plaintiffs James Aftosmes, Cameron Allegra, James Arena, III, Kevin Bishop, John Butman, Mike Carlson, Scott Chapelle, William Crosier, Manuel DaSilva, Daniel Dempsey, Stephen Dempsey, Dennis Driscoll, Charles Gattereau, Jeff Handrahan, Brett Hoxie, Edward Hunnefeld, James P. Kenney, Jeffrey Madden, John Madden, Michael McAuliffe, Patrick McGorman, Awnas Milisauksas, William

1

Modestino, Michael Mullin, Eric Tedeschi, Nick Trinchera, Joe Trinchera, and Thomas Violette ("Plaintiffs") are residents of the Commonwealth of Massachusetts.

2.  Defendant Town of Hingham ("Defendant Hingham") is a municipality formed under the laws of the Commonwealth of Massachusetts, located in Plymouth County.

## FACTUAL ALLEGATIONS

3.  Plaintiffs are employed by Defendant Hingham in the Hingham Public Works Department, in supervisory and non-supervisory jobs.

4.  At all times relevant hereto, Plaintiffs and all similarly situated employees have been represented in collective bargaining by Teamsters, Local 25 ("Local 25"), and the terms and conditions of their employment, including their hours of work, wages for straight time work, and wages for work performed outside their regularly scheduled hours of work, have been established by collective bargaining, and set forth in duly bargained for collective bargaining agreements.

5.  The supervisory and non-supervisory employees are in separate bargaining units for collective bargaining purposes, and covered by separate collective bargaining agreements.

6.  The most recent collective bargaining agreement between Defendant Hingham and Local 25, for the union representing the non-supervisory employees, for the period July 1, 2020 through June 30, 2021 is attached here as Exhibit 1.

7.     The most recent collective bargaining agreement in effect between Defendant Hingham and Local 24 for the supervisory employees, for the period July 1, 2020 to June 30, 2023, is attached hereto as Exhibit 2.

## SUBJECT MATTER JURISDICTION

8.     This court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331, federal question.

## COUNT I
### Violation of 29 U.S.C. § 207(a) ("FLSA Overtime")
### Failure to Include Remuneration in the Regular Rate for the Purpose of FLSA Overtime

9.     Plaintiffs repeat all allegations made herein.

10.    Defendant Hingham's employment of Plaintiffs and similarly situated employees is subject to the minimum wage and overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 206 and § 207 ("the FLSA").

11.    The overtime requirement of the FLSA requires Defendant Hingham to pay Plaintiffs overtime pay at 1.5 times their "regular rate of pay" for all hours they work in excess of 40 hours worked in their regularly recurring seven-day workweeks. 29 U.S.C. § 207(a)(1).

12.    Hereinafter, the overtime Defendant Hingham is required to pay Plaintiffs under the FLSA will be referred to as "FLSA Overtime."

13. Under the FLSA, the "regular rate" upon which FLSA Overtime must be based is an hourly rate of pay that is calculated by dividing an employee's total earnings

3

in his normally recurring seven-day workweek by the number of hours the employee actually worked in the workweek.

14. With certain exceptions not applicable here, total earnings for the regular rate calculation includes not just straight time earnings, but "all remuneration for employment paid to, or on behalf of, the employee . . .." 29 U.S.C. § 207(e).

15. At times relevant hereto, the CBAs covering Plaintiffs and similarly situated employees have required Defendant Hingham to pay Plaintiffs and similarly situated employees forms of remuneration, in addition to their straight time wages, which the FLSA required Defendant Hingham to include in its regular rate calculations when calculating FLSA Overtime due Plaintiffs and similarly situated employees under the FLSA, including:

    a. weekend bonus pay for regular assignments to the Transfer Station;[1]

    b. annual "longevity payments" in amounts that increase based on the employee's years of service;[2]

    c. an annual clothing allowance;[3]

    d. a meal allowance for employees required to work during storms;[4]

    e. a stipend for holding a Class A License.[5]

---

[1] Ex. 1, Article 8.7; Ex. 2, Article 8.7.
[2] Ex. 1, Article 14.1; Ex. 2, Article 14.
[3] Ex. 1, Article 17.1; Ex. 2, Article 17.1.
[4] Ex. 1, Article 17.2; Ex. 2, Article 17.2.
[5] Ex. 1, Article 17.10; Ex. 2, Article 17.10.

  f.  a yearly stipend for an employee designated as the DPW's "arborist";[6]

  g.  a stipend for carrying a pager or cell phone;[7]

16. During times relevant hereto, however, in the workweeks in which Plaintiffs have earned these forms of remuneration, Defendant Hingham has not included them in calculating FLSA Overtime payments due Plaintiffs, because it has not included them when calculating the regular rate required by the FLSA.

17. By its failure to include these forms of remuneration in calculating FLSA Overtime due Plaintiffs and similarly situated employees, Defendant Hingham has underpaid Plaintiffs wages due and owing them, thereby violating the FLSA, and causing Plaintiffs to suffer harm, injury, and damages.

18. Plaintiffs have filed FLSA Consent Forms in this action. (Ex. 1.)

## COUNT II
### Failure to Make Timely Payment of FLSA Overtime- Violation of the FLSA

19. Plaintiffs repeat all allegations made in this complaint.

20. The FLSA requires FLSA Overtime to be paid in the pay period in which it is earned.

21. Because Defendant Hingham does not make a proper regular rate calculation, it does not pay the FLSA Overtime due Plaintiffs in the pay periods in which they earn it, in violation of the FLSA.

---

[6] Ex. 1, Article 8.8.
[7] Ex. 1, Article 17.9.

5

22. Defendant Hingham's violation of the law has harmed injured and damaged Plaintiffs.

## COUNT III
## COLLECTIVE ACTION ALLEGATIONS
## UNDER 29 U.S.C. § 216(b)

23. Plaintiffs seek to bring their FLSA Claims under Counts I and II on behalf of themselves and all those similarly situated individuals pursuant to § 216(b) of the FLSA. Plaintiffs are similarly situated because as unionized employees, their terms and conditions of employment are subject to a collective bargaining agreement and uniformly implemented personnel policies. As set forth below, Plaintiffs and similarly situated employees were all subject to Defendant Hingham's illegal practices under the FLSA.

24. Attached hereto as Exhibit 3 are the FLSA Consent forms of the Plaintiffs named herein.

## COUNT IV
## VIOLATION OF THE MASSACHUSETTS WAGE ACT
## G.L. c. 149, § 148
### *Late Payment of Earned Overtime*

25. Plaintiffs repeat all allegations made herein.

26. The Massachusetts Wage Act, G.L. c. 149, § 148 ("the Wage Act") applies to Defendant Hingham's employment of Plaintiffs.

27. The Wage Act requires Defendant Hingham to pay Plaintiffs all their earned wages within 6 days of the last day in the pay period in which Plaintiffs earned them.

28. Defendant Hingham has violated the Wage Act by failing to pay Plaintiffs all overtime wages they earned and were entitled to by paid within the time period required by the Wage Act, including by its failure to pay Plaintiffs in accordance with the FLSA's regular rate requirements.

29. Plaintiffs have been harmed, injured, and damaged by Defendant Hingham's violation of the law.

30. Plaintiffs have satisfied all administrative prerequisites to suit under the Wage Act. (Ex. 4.)

**COUNT V**
**VIOLATION OF THE MASSACHUSETTS WAGE ACT**
**G.L. c. 149, § 148**
*Failure to Pay Earned Wages at Agreed Upon Rate*
*Plaintiffs Allegra, Plaintiff Hoxie, and Similarly Situated Employees v.*
*Defendant Hingham*

31. Plaintiffs repeat all allegations made herein.

32. A wage is earned under the Wage Act where the employee has completed the labor, service, or performance required of him. *Calixto v. Coughlin*, 481 Mass. 157, 160 (2018), *citing Awuah v. Coverall N. Am. Inc*, 460 Mass. 484, 492 (2011).

33. Here, with respect to non-supervisory employees, the current CBA has obligated Defendant Hingham to pay Plaintiffs for their labor at straight time wage

rates established by collective bargaining, including at rates set forth in the wage table set forth in Schedule 5 of Exhibit 1 (see page 25.)

34. As set forth in Exhibit 1, in the most recent collective bargaining agreement applicable to non-supervisory DPW employees, Defendant Hingham and Local 25 agreed that the "Step 1" (or lowest) straight time rate, which is applicable to newly hired DPW employees, would be $21.67 per hour for FY 21.

35. In the collective bargaining agreement preceding the current one, the Step 1 rate was set at or about $21.23 per hour.

36. While these Step 1 rates were in place, newly hired employees of the Hingham DPW, including Plaintiff Cameron Allegra and Plaintiff Brett Hoxie, performed the labor called for by their employment.

37. At times relevant hereto, however, Defendant Hingham did not pay Plaintiff Allegra, Plaintiff Hoxie, or other newly hired employees at the agreed upon hourly rate for Step 1, but at hourly rates significantly lower than the Step 1 rate.

38. In the case of Plaintiff Allegra and Plaintiff Hoxie, for example, at times relevant hereto, Defendant Hingham only them $13.89 per hour, instead of the agreed upon Step 1 rate.

39. Defendant Hingham has similarly underpaid other newly hired DPW employees at hourly wages significantly below the Step 1 rate.

40. Defendant Hingham, therefore, did not pay Plaintiff Allegra, Plaintiff Hoxie, or similarly situated employees all the wages they earned for their labor, but detained significant portions of their wages, in violation of the Wage Act.

41. Significantly, under the Wage Act, Plaintiff Allegra, Plaintiff Hoxie, and similarly situated employees may not be deemed to have forfeited their rights to have been paid their earned wages within the time required by the Wage Act for any reason, nor are they prohibited from seeking to enforce their rights under the Wage Act in court as individuals because they are union members, or because their employee union might have undertaken a grievance of Defendant Hingham's non-payment of their earned wages.

42. "The fundamental public policy against forfeiture" of the Wage Act "is rooted in the 'special contract' provision of the [Wage Act]," which states: "'No person shall by a special contract with an employee or by any other means exempt himself from this section or from section one hundred and fifty[8].'" *Parris v. Suffolk County*, 93 Mass. App. Ct. 864, 867 (2018), *quoting* G.L. c. 149, § 148; *see also Melia v. Zenhire, Inc.*, 462 Mass. 164, 170 (2012).

43. The special contract provision's prohibition against forfeiture applies with equal force to individual and collectively bargained employment agreements. *Parris*, 93 Mass. App. Ct. at 867.

---

[8] Section 150 of the Wage Act sets forth its enforcement and mandatory penalty provisions.

9

44. Moreover, under G.L. c. 150E, § 7(d), Plaintiff Allegra, Plaintiff Hoxie and similarly situated employees cannot be viewed as having forfeited their individual rights to enforce the prompt payment of their wages under the Wage Act by virtue of collective bargaining. *Parris v. Suffolk County Sheriff*, 93 Mass. App. Ct. at 465-466, *citing Newton v. Commissioner of the Dept. of Youth Servs.*, 62 Mass. App. Ct. 343, 347 (2004)

45. Plaintiff Allegra, Plaintiff Hoxie and similarly situated employees have been harmed, injured and damaged by Defendant Hingham's illegal act in detaining but not paying them their earned wages within the time required by the Wage Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follow:

A. An order allowing this action to proceed as a representative collective action under the FLSA, 29 U.S.C. § 216(b);

B. Judgment awarding Plaintiffs and all similarly situated employees all unpaid FLSA Overtime, liquidated damages, attorney's fees and costs as mandated under the FLSA, 29 U.S.C. § 216(b);

C. Judgment awarding Plaintiffs and all similarly situated employees all wages due them under the Wage Act, with triple damages, attorney's fees, and costs, as mandated by G.L. c. 149, § 150.

D. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

E. All such other and further relief to which Plaintiffs may show themselves to be justly entitled.

## JURY DEMAND

A trial by jury is demanded on all counts so triable.

Respectfully submitted,

PLAINTIFFS,

By their Attorney,

s/Daniel W. Rice
Daniel W. Rice, BBO # 559269
Harrington & Rice, P.C.
738 Main Street
Hingham, MA 02043
(781) 964-8377 (mobile)
dwr@harringtonrice.com

Dated: February 23, 2022