UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES AFTOSMES, et. al.,       ) | |
|     Plaintiffs                               ) | |
| v.                                                  ) | |
|                                                    ) | Civil Action No. |
| TOWN OF HINGHAM,              ) | 1:22-cv-10314-JGD |
|     Defendant                             ) | |
|                                                    ) | |

## JOINT MOTION TO APPROVE SETTLEMENT

The parties hereby jointly request court approval of their agreement to settle this action in its entirety. A copy of the settlement agreement is attached as **Exhibit A**. Because this settlement includes resolution of claims brought under the Fair Labor Standards Act, 29 U.S.C. § 207(a) (the "FLSA"), it must be approved by this Court. *See Singleton et al. v. AT&T Mobility Services, LLC*, 146 F.Supp.3d 258, 260 (D. Mass. 2015).

The Court should approve the settlement because it reflects "a fair and reasonable resolution of a bona fide dispute over FLSA provisions," and thereafter dismiss Plaintiffs' claims with prejudice. *Singleton*, 146 F.Supp.3d at 260, *quoting Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir.1982).

I. **Background**

This case arises from the plaintiff employees of the defendant Town of Hingham's Department of Public Works claims that not all wages had properly been paid. After service of the complaint, the counsel for the plaintiffs and the counsel for the Town worked to determine whether miscalculations of wages occurred and the amount of any miscalculations. The primary issue revolved around the FLSA requirements relating to the

1

appropriate method to calculate the regular rate of pay, which would then be used to calculate overtime under FLSA.  In calculating the regular rate of pay under FLSA, certain additional payments received by employees need to be included, even if those payments only occur intermittently.

Ultimately, calculations were prepared and agreed upon by counsel.  The end result provides for additional overtime of $18,517.98.  Pursuant to the FLSA, 29 U.S.C. § 216(b), this amount is being doubled, for a total payment to the plaintiffs of $37,035.96.  A chart has been prepared to reflect the individual payments to each of the plaintiffs of each of their portions of that amount which can be submitted to the Court if requested.  For privacy purposes, it has not been attached to this motion.  Also, one plaintiff (Christopher Lincoln) was determined not to have sustained any recoverable damages, however, in consideration for his release, the Town has agreed to consideration to him of $100.  In addition, pursuant to the FLSA, 29 U.S.C. § 216(b), the parties have agreed upon $26,450, which represents plaintiffs' counsel claim of 52.9 hours at his most recently adjudicated hourly rate of $500 per hour[1], as the total attorney fees to be paid by the Town to the plaintiffs' attorney and the $402 filing fee.

II.     **This Court Should Approve the Settlement**

This Court may approve a settlement involving FLSA claims "upon a finding that all parties to the action have agreed to it, and that it represents a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Singleton v. AT&T Mobility*

---

[1] *See Praileau v. Ibe,* Bristol Superior Court C.A. No. 1973CV00553, order dated 8/23/22.

*Services*, 146 F.Supp.3d 258, 260 (D. Mass. 2015) (citations and quotations omitted).

When evaluating whether a proposed settlement is "fair and reasonable,"

> courts consider the "totality of the circumstances," which may include such factors as " (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion.

(citation omitted). *Id*. at 260-261.

Here, the parties submit that the proposed settlement is a fair and reasonable resolution of all the claims raised in this matter and an appropriate balance of the *Singleton* factors listed above. The parties, both represented by experienced counsel, have negotiated over numerous months to determine the appropriate calculations.  The settlement calls for the plaintiffs to receive back wages for the maximum three-year limitations period permitted by the FLSA, and liquidated damages.  By settling now, the plaintiffs will avoid the uncertainties and delay that litigation necessarily entails.

The Town has further agreed that going forward it will calculate the Department of Public Works employees' overtime payments with the FLSA required additional compensation. The parties request this Court to approve the settlement.

### III.    Conclusion

Based on the foregoing, the parties respectfully request that the Court approve the parties' proposed settlement agreement as fair and reasonable.  Upon approval of this motion and payment of the agreed sums, the parties will dismiss this case with prejudice.

| | |
|---|---|
| Plaintiff, James Aftosmes, et al.<br>By their Attorneys, | Defendant, Town of Hingham<br>By its Attorneys, |
| /s/Daniel W. Rice<br>Daniel W. Rice, (BBO # 559269)<br>Harrington, Rice & Maglione, L.L.C.<br>739 Main Street<br>Hingham, MA 02043<br>(781) 964-8377<br>dwr@harringtonrice.com | /s/ Kerry T. Ryan<br>Kerry T. Ryan (BBO #632615)<br>Bogle, DeAscentis and Coughlin, P.C.<br>25 Foster Street, 1st Floor<br>Quincy, MA 02169<br>Phone: 617-845-5473<br>Fax: 617-481-4277<br>ktr@b-dlaw.com |

Dated: August 17, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2023, a true copy of the above document, filed through the ECF system, will be served electronically through the ECF system on the registered participants as identified on the Notice of Electronic Filing ("NEF").

/s/ Kerry T. Ryan
Kerry T. Ryan

# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

Settlement Agreement and Release dated effective this 25th day of July, 2023 ("Settlement Agreement"), by and between Plaintiffs James Aftosmes, Cameron Allegra, James Arena, III, Kevin Bishop, John Butman, Mike Carlson, Scott Chapelle, William Crosier, Manuel DaSilva, Daniel Dempsey, Stephen Dempsey, Dennis Driscoll, Charles Gattereau, Jeff Handrahan, Brett Hoxie, Edward Hunnefeld, James P. Kenney, Christopher Lincoln, Jeffrey Madden, John Madden, Michael McAuliffe, Patrick McGorman, Awnas Milisauksas, William Modestino, Michael Mullin, Nicholas O'Brien, Eric Tedeschi, Nick Trinchera, Joe Trinchera, and Thomas Violette and recent hires, Donald Baker, John Grant and Brandon Taylor (collectively "Plaintiffs") and the Defendant Town of Hingham ("Defendant" or "the Town").

WHEREAS, disputes exist between Plaintiffs and the Town, which disputes are the subject of a pending action in the United States District Court, District of Massachusetts, C.A. No. 22-10314-JGD (the "Litigation");

WHEREAS, the parties desire to resolve the Litigation and any wage dispute between them;

NOW THEREFORE, in consideration of the terms and conditions contained herein, and in acknowledgment by each of the parties that such terms and conditions constitute good and valuable consideration, the parties agree as set forth below.

1. Within 40 days of the approval of this Settlement Agreement by the Court in the Litigation, the Town will pay to each of the Plaintiffs the amount set forth in the column "Total Payment with Statute Damages" in the attached Exhibit A. The amount paid will be a gross amount, subject to any regular withholdings as determined by the Town. The Town will also pay to the Plaintiffs' counsel, Daniel W. Rice, Attorney at Law, the amount of $26,450 (52.9 hours at $500 per hour) as attorney fees and $402 for the filing fee.

2. If for any reason the Court does not approve this Settlement Agreement, it shall be null and void at the option of either of the parties, upon a written notice declaring it null and void being provided to either the Plaintiffs' attorney or to the Town's attorney.

3. Within 14 days of the payments provided in paragraph 1, the parties shall jointly file a stipulation of dismissal, with prejudice, and without attorney fees or costs, of the Litigation. The fact that the dismissal is without attorney fees simply acknowledges that attorney fees were already paid as provided in paragraph 1.

4. In consideration of the payment described herein, Plaintiffs, and their agents, heirs, executors and/or administrators, successors and assigns ("Releasors") hereby unconditionally and irrevocably remise, release, and forever discharge the Town of Hingham and its past, present, and future officers, elected and appointed officials, volunteers, directors,

1

employees, representatives, attorneys, accountants, agents, successors, divisions, insurance companies, representatives, heirs, executors, administrators, and assigns (collectively referred to as the "Releasees" or "Hingham"), from any and all claims for unpaid wages that were made or could have been made in the Litigation including, but not limited to, unpaid overtime wages due under the Fair Labor Standards Act, 29 U.S.C. § 207, or any other law, statute, or common law claim, from the beginning of the world to this date.

5. The parties hereby declare and represent that each of them understands and agrees that this Settlement Agreement is a compromise of a disputed claim and that the payments made hereunder are not to be construed as an admission of liability on the part of the Town or any person or entity released hereby and any liability is expressly denied.

6. The parties agree to execute any additional documents reasonably necessary to effectuate the terms of this Settlement Agreement. The parties executing this Settlement Agreement represent that they have full authority to enter into this agreement.

7. All parties represent that they enter into this Settlement Agreement with full knowledge of any and all rights they have and that they do not rely and have not relied on any representation made by any other party or a representative of any party with regard to the Settlement Agreement. Each of the Plaintiffs acknowledge that they have received no tax advice or representations from the Town, its employees and representatives, or its counsel.

8. All Plaintiffs warrant and represent that they have not previously assigned or transferred, or purported to assign or transfer to any person or entity, any claim against the Town, including those in the Litigation.

9. This Settlement Agreement is intended to formalize an agreement between the parties that was reached amicably. Each party acknowledges that there have been no threats or duress leading to the Settlement Agreement. Furthermore, each party has consulted with counsel concerning the Settlement Agreement.

10. This Settlement Agreement shall, in all respects, be interpreted, enforced and governed under the laws of the Commonwealth of Massachusetts.

11. This Settlement Agreement sets forth the entire agreement between the parties and fully supersedes any and all prior agreements or understandings between the parties concerning the claims in the Litigation. This Settlement Agreement may only be amended by an agreement in writing executed and delivered by the parties.

12. This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which shall constitute one instrument. Fax signatures or PDF signatures by email, or via DocuSign or Adobe E-Signature, shall operate as binding as original signatures.

13. Each party has participated in the drafting and preparation of this Settlement Agreement and has reviewed the same, and if any construction is to be made, the same shall not be construed against any party.

14. This agreement is made and entered into as a sealed instrument on or as of the date as set forth above.

REMAINDER OF PAGE BLANK

| | |
|---|---|
| _____ | _____ |
| James Aftosmes | Dennis Driscoll |
| _____ | _____ |
| Cameron Allegra | Charles Gattereau |
| _____ | _____ |
| James Arena, III | Jeff Handrahan |
| _____ | _____ |
| Kevin Bishop | Brett Hoxie |
| _____ | _____ |
| John Butman | Edward Hunnefeld |
| _____ | _____ |
| Mike Carlson | James P. Kenney |
| _____ | _____ |
| Scott Chapelle | Christopher Lincoln |
| _____ | _____ |
| William Crosier | Jeffrey Madden |
| _____ | _____ |
| Manuel DaSilva | John Madden |
| _____ | _____ |
| Daniel Dempsey | Michael McAuliffe |
| _____ | _____ |
| Stephen Dempsey | Patrick McGorman |

_____
Awnas Milisauksas

_____
William Modestino

_____
Michael Mullin

_____
Nicholas O'Brien

_____
Eric Tedeschi

_____
Nick Trinchera

_____
Joe Trinchera

_____
Thomas Violette

_____
Donald Baker

_____
John Grant

_____
Brandon Taylor

Town of Hingham

By: _____
   duly authorized